IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EDDIE WATT and SUSAN WATT                                    PLAINTIFF

VS.                                    CASE NO. O3-CV-1179

GMAC MORTGAGE CORPORATION                                    DEFENDANT

## <u>ORDER</u>

Before the Court is a Motion to Reconsider filed on behalf of the Plaintiffs, Eddie and Susan Watt.  (Doc. No. 36).  Plaintiffs ask the Court to reconsider its Order of August 1, 2005 granting Defendant GMAC Mortgage Corporation's Motion for Summary Judgment and dismissing Plaintiff's Complaint. The Defendant GMAC has responded.  (Doc. No. 37).  The matter is ripe for consideration.

The Court's August 1, 2005 Order granted the Defendant's Motion for Summary Judgment and dismissed the Plaintiff's Complaint; therefore, the Court will treat the pending Motion to Reconsider as a Motion to Alter or Amend Judgment under Fed.R.Civ.P. 59(e). Under Rule 59(e), the Court may alter or amend its judgment only if it finds a manifest error of law or fact in its ruling.  *See Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988)(quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 252 (7th Cir.), *as amended,* 835 F.2d 710 (7th Cir. 1987), quoting in turn *Keene Corp. v. International Fidelity Insurance Co.,* 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd,* 736 F.2d 388 (7th Cir. 1984)). More specifically, Rule 59(e) was adopted to clarify a district court's power to correct it own mistakes in the time period immediately following entry of judgment.  *Norman v. Dep't. of*

*Educ.,* 79 F.3d 748 (8ᵗʰ Cir. 1996)(*citing White v. New Hamphire Dep't. of Employment Sec.,*

455 U.S. 445, 102 S.Ct. 1162, 71 S.Ed.2d 325 (1982)). Rule 59(e) motions "serve the limited

function of correcting manifest errors of law or fact or to present newly discovered evidence."

*Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills,* 141 F.3d 1284, 1286

(8ᵗʰ Cir. 1998); *see Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 413 (8ᵗʰ Cir. 1988), *cert.*

*denied,* 488 U.S. 820, 109 S.Ct. 63, 102 L.Ed.2d 40 (1988). Such motions cannot be used to

"introduce new evidence, tender new legal theories, or raise arguments which could have been

offered or raised prior to entry of judgment." *Baker v. John Morrell & Co.,* 266 F. Supp.2d 909,

919 (citing *Hagerman,* 839 F.2d at 414). The Court does not believe that Plaintiff's arguments

point to such a manifest error of law or fact in its prior ruling.

Plaintiffs argue that the Supreme Court's recent decision in *Spector v. Norwegian Cruise*

*Line Ltd.,* 125 S.Ct. 2169 (2005) compels the Court to change its prior decision concerning the

legal sufficiency of Plaintiff's RESPA claim based on 12 U.S.C. §2605. Plaintiffs argue that the

Supreme Court in *Spector* held that a statute that creates a duty for a party to provide certain

services requires the services to be provided free of charge. The Court does not agree with the

Plaintiff's analysis of the Supreme Court's holding in *Spector.*

In *Spector,* the Court addressed whether Title III of the ADA applied to foreign flagged

cruise ships. In particular it addressed whether Title III's mandates involved requirements that

would interfere with the "internal affairs" of the foreign cruise ship. It did not, as Plaintiffs

suggest, address whether an entity can impose a charge for services it is required by statute to

provide.

Plaintiffs also argue that the Court should reconsider its prior decision based upon the

fact that a district court in New York held that a federal agency acting as an ERISA trustee may not charge for information it is required to provide under bankruptcy law. *See Pineiro v. Pension Benefit Guar. Corp.,* 318 F.Supp.2d 67, 102 (S.D.N.Y. 2003)(*Pineiro IV*). In reaching its decision in *Pineiro*, the district court had to decide which statute governed the trustee's duty to provide information, the bankruptcy code or the FOIA. Here, there is no such conflict between statutes. RESPA is the only statute involved in this case and the lender's or servicer's duties are governed by it alone. The decision in *Pineiro* does not convince the Court that its prior decision contains a manifest error of law or fact.

Plaintiffs once again argue that applying the factors set out by the Supreme Court in *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975) gives them a private cause of action under RESPA. The Court does not dispute that application of the *Cort* factors determines whether an individual has a private right of action when a statute has been violated. However, the Court has held that the Defendant's conduct does not violate RESPA's §2605 or §2607; therefore, whether the Plaintiffs have a private right of action under the *Cort* factors does not come into play in this case.

Finally, Plaintiffs argue that the Court should reconsider its decision in light of the fact that, with the enactment of CAFA, their state law claims will ultimately return to this Court. What future course Plaintiffs' claims might take is not a basis on which this Court believes it should exercise pendent jurisdiction of these claims.

After reviewing Plaintiffs' motion, the Court does not believe that Plaintiffs' arguments point to a manifest error of law or fact that would justify amending or altering its prior ruling. Therefore, Plaintiffs' Motion to Reconsider should be and hereby is **denied**.

IT IS SO ORDERED, this 31st day of August, 2005.


/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge